UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MARK GIARDINO** <br><br> vs. <br><br> **LIFE INSURANCE COMPANY OF NORTH AMERICA** | **CIVIL ACTION NO:** <br><br> **3:20-cv-00050** <br><br><br> **JANUARY 13, 2020** |

## COMPLAINT

COMES NOW, Plaintiff, Mark Giardino, and makes the following representation to the Court for the purpose of obtaining relief from Defendant's refusal to pay Long-Term Disability benefits due under an employee benefits plan and for Defendant's violation of the Employee Retirement Security Act of 1974 ("ERISA"):

## THE PARTIES

1. Plaintiff Mark Giardino, ("Plaintiff") is a resident of the State of California who, at all relevant times hereinafter mentioned, worked in the state of Connecticut for Cotiviti, LLC.

2. Upon information and belief, at all times hereinafter mentioned, Defendant Life Insurance Company of North America (LINA) ("Defendant") is a for-profit corporation with its principal place of business in Philadelphia, Pennsylvania. It is a wholly owned subsidiary of CIGNA Corporation, a for-profit corporation with its principal place of business in Bloomfield, Connecticut.

1

3. At all times hereinafter mentioned, Defendant issued Long term disability group policy No. lk-0963860 to Cotiviti, LLC, a corporation headquartered in Wilton, Connecticut.

4. Defendant may be found in the District of Connecticut.

## JURISDICTION AND VENUE

5. Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

6. Venue in the District of Connecticut is appropriate because the defendant may be found in this district.

7. Pursuant to 28 U.S.C. §1391(a)(1) and §1391( c ), this action is properly venued in the District of Connecticut.

## FACTS

8. At all relevant times hereinafter mentioned, Plaintiff was an employee of Cotiviti, LLC ("Cotiviti").

9. At all relevant times hereinafter mentioned, Plaintiff worked as a Software Developer for Cotiviti.

10. During Plaintiff's employment with Cotoviti, Defendant issued Long term disability group policy No. lk-0963860 (hereinafter the "Policy").

11. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible Cotiviti employees in exchange for the payment of premiums by Cotiviti and/or the employees.

12. At all times mentioned herein, Plaintiff was and is an employee eligible for Long

term disability benefits and an insured under the Policy issued to Cotiviti.

13. Said policy issued to Cotiviti provided, among other things, that Long term disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to injury or illness.

14. According to the policy, an insured employee is considered Disabled if solely because of Injury or Sickness, he or she is unable to perform the material duties of his or her Regular Occupation; and unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation.

15. On or about August 27, 2015, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

16. Plaintiff's disability is caused by, among other things, bilateral foraminal stenosis in his lumbar spine, multilevel cervical foraminal stenosis, carpal tunnel syndrome, bilateral shoulder joint dysfunctions and severe bilateral great toe hallux rigidus.

17. Plaintiff filed an application for long term disability benefits and was approved by Defendant to receive long term disability benefits with a date of disability of August 27, 2015.

18. On June 28, 2018, Defendant informed Plaintiff that his long term disability benefits were being discontinued effective that same date.

19. On December 19, 2018, Plaintiff filed his first administrative appeal of the termination of his long term disability benefits.

20. On March 19, 2019 Defendant denied Plaintiff's first administrative appeal.

21. On April 19, 2019 an Administrative Law Judge appointed by the Social Security Administration ruled that the plaintiff is eligible to receive social security disability benefits because he is unable engage in any occupation in the national or regional economy.

22. On June 26, 2019, Plaintiff filed his second administrative appeal of the termination of his long term disability benefits.

23. On October 18, 2019 Defendant denied Plaintiff's second administrative appeal.

24. Despite Plaintiff's continued disability, Defendant has denied owed benefits to Plaintiff and continues to refuse to pay benefits pursuant to the long term disability policy.

25. Said refusal on the part of Defendant is a willful and wrongful breach of the policy terms and conditions.

26. Defendant is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim.

27. Defendant's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the refusal to consider Plaintiff's credible subjective complaints on his ability to work, and the reliance upon a selective review of vocational and medical records to reach a result oriented claim determination.

28. Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and prevented Plaintiff from receiving a full and fair review of his claim.

29. Plaintiff has exhausted all administrative appeals and remedies to the extent they are required under the law.

WHEREFORE, Plaintiff Mark Giardino prays that he may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject Long term disability policy of insurance issued by Defendant in that he is unable to perform his regular occupation or any gainful occupation.

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and shall pay all benefits owed, plus interest;

c) Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

d) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's fees, as well as all other costs and disbursements of this action;

e) Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

f) Such other and further relief as the Court may deem just and proper.

PLAINTIFF

By   /S/ Iván A. Ramos

Iván A. Ramos (ct#14122)
RamosLaw, LLC
255 Main Street, Suite 401
Hartford, Connecticut 06106
Tel. (860) 519-5242
Fax. (860) 838-6403
ivan@ramosdisability.com